| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| THOMAS A. AMBRIATI | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:15-CV-485 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Thomas A. Ambriati, a prisoner currently confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

Petitioner contends that the cumulative effect of the alleged trial errors denied him of his right to due process. That claim is unexhausted and procedurally barred. In addition, the claim lacks

merit. It is virtually impossible for a defendant to demonstrate on collateral review that the errors so infected the entire trial that the conviction violates due process. *Derden v. McNeel*, 978 F.2d 1453, 1457 (5th Cir. 1992). Petitioner must prove that: (1) errors were committed in the state trial court; (2) the errors were not procedurally barred from habeas corpus review; and (3) the errors were of a constitutional dimension. *Id*. at 1458. The federal court must review the record as a whole to determine whether the errors likely caused a suspect verdict. *Id.* In this case, petitioner did prove that errors of a constitutional dimension were committed in the trial court, and the alleged errors did not likely cause a suspect verdict.

Additionally, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, petitioner's objections (#24) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#19) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 21st day of March, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE